## Murray *v.* Auman, Appellant.

*Judgment—Judgment note—Evidence.*

Where a judgment note for $1,000 is given to an attorney as trustee, and the latter subsequently assigns the judgment entered on the note to his client, a married woman, and the evidence shows that the intent of giving the note was to secure the payment to the married woman of a weekly allowance by her husband, and the attorney testifies that the note was given also to secure the payment of $200, attorney's fees, but the preponderance of the testimony is against such contention, the judgment should be opened unless the plaintiff agrees to reduce the amount of the judgment to $800, and also agrees that the judgment shall be held exclusively as collateral security for the payment of the weekly allowance.

Argued March 8, 1910. Appeal, No. 31, March T., 1910, by defendant, from order of C. P. Luzerne Co., Oct. T., 1907, No. 1,153, discharging rule to open judgment in case of James H. Murray, or Jas. C. Murray, Trustee, v. William H. Auman. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Rule to open judgment. Before FERRIS, J.

The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule to open judgment.

*Edward C. Klonower,* with him *Jas. L. Lenahan* and *Samuel W. Salus,* for appellant.

There was no appearance or printed brief filed for appellee.

Per Curiam, April 18, 1910:

The judgment note in question was given to "James C. Murray, trustee or bearer." Murray was at that time the defendant's attorney and had represented him in a prosecution for desertion instituted by his wife which resulted in a sentence of the quarter sessions that he pay his wife $17.00 a month and give security in the sum of $300 to perform the sentence. The defendant did not give the security, but was permitted to go free upon the promise of Murray to the attorney of the prosecutrix that the defendant would pay to his wife $17.00 each month. Without going further into the details of the grossly irregular method whereby the defendant avoided strict compliance with the sentence, it is quite clear from the testimony that an ultimate purpose for which the judgment note was given was to secure payment to the prosecutrix of the monthly sum, and that when Murray took the note designating him as trustee he took it in trust for that purpose. This being so, and he having assigned the judgment entered on the note to her, there would be substantial reason for keeping it in force without diminution of amount for the purpose above stated, if there were nothing further in the case. But Murray testified on behalf of the plaintiff that the note was given also to secure payment of attorney fees, said to be in the neighborhood of $200. We think the preponderance of the testimony is against the contention that the note was given for anything except as security for the payment of the monthly sum of $17.00, and unless this question is eliminated from the case and the judgment restricted exclusively to the purpose above stated, it ought to be opened in order that the question of fact may be submitted to a jury. See remarks of Trunkey, J., in Darlington's Appeal, 86 Pa. 512, 518, 519.

It is therefore ordered that the order be reversed and the

rule to show cause be made absolute, unless the present use plaintiff, Mabel Auman, shall within twenty days from this date file in the office of the prothonotary of this court a written stipulation reducing the amount of the judgment to $800 and a similar declaration that the judgment in question is held exclusively as collateral security for the payment to her of $17.00 each month in accordance with the sentence of the court of quarter sessions referred to in the foregoing opinion, and that in the event of such paper being filed the prothonotary shall make the entry upon his record " order affirmed at the cost of the appellant" and remit said paper to the court below with the record.